A. B. CARSON v. W. A. PERCY ET AL.

1. SPECIFIC PERFORMANCE. *Easement and servitude. Hardship.*
   A grant, on valuable consideration, of the right perpetually to lay off new landings, as the river bank caves, to the exclusion of all others, on the water front of a large plantation, near a growing town, is not so unfair that equity will refuse to decree its specific performance.

2. SAME. *Ambiguity. Right of election.*
   The stipulation is sufficiently definite if it provides that the covenantor shall permit the covenantee, when the landing caves, to fix another, not to exceed four acres, at any point on the river front of the plantation, where the public interest may demand.

3. SAME. *Vendees of covenantor. Chancery jurisdiction.*
   The covenantee can maintain a bill in chancery to enforce the contract against vendees, with notice, of parts of such plantation, who have collected rents from a new wharf, and laid off other ground for landing purposes.

APPEAL from the Chancery Court of Washington County.
Hon. W. G. PHELPS, Chancellor.

The bill filed by A. B. Carson against W. A. Percy and others alleged the following facts: Benjamin Roach, owner of Batchelor's Bend plantation, adjoining the town of Greenville, conveyed to Carson the exclusive privilege of keeping a landing on the river front of the plantation, which was two miles long, and to that end also conveyed four acres of land on said front adjoining the town, then laid off and occupied by Roach as a landing. The terms of the covenant were, " that, if, by reason of the caving of the river bank, the land conveyed should become valueless, Roach was to suffer Carson to fix another landing, not to exceed four acres, at any point on the river front of the plantation where the public interest might demand, and to execute to him a suitable conveyance therefor, with a suitable road, not to exceed thirty feet in width, leading to the same; it being the intention of the parties that by payment of the sum of four thousand dollars Carson was to have a perpetual landing, and to have exclusive control of any landing on the river front of the plantation." The complainant went into possession and leased the landing to

Trigg & Gray. They sublet it to Archer, Nelson, & Co., who assigned to the Merchants' Wharfboat Association; and the latter attorned to the defendants.

Shortly after the sale to the complainant, Roach laid off on his plantation contiguous to the town, which was rapidly growing, the " Batchelor's Bend Addition " thereto, in front of which was the first landing. He then sold the plantation to Huntington & Levalley, excepting in the deed all ways, landings and streets, and gave actual notice of the terms of the complainant's deed. Huntington & Levalley subsequently conveyed to the defendants the lots in question, which were part of the " Batchelor's Bend Addition " aforesaid. The first landing caved, as did a second, laid off while Roach owned the plantation, and the ground now occupied was laid off by some of the mesne lessees as a third location. But it did not appear from the bill who owned the plantation when the present landing was laid off, and no conveyance was made of any but the first four acres. The defendants had both actual and constructive notice of the deed to the complainant, though the deed from Huntington & Levalley to them contained no exceptions as to the landing. The defendants have been collecting rents from the Merchants' Wharfboat Association and have laid off additional ground for landing purposes. The prayer of the bill was for specific performance and an account of the rents.

The defendants demurred to the bill because the covenants did not bind them, and because the Chancery Court had no jurisdiction; and, also, on the grounds that the deed to the complainant was void for uncertainty, and the contract too unconscionable for the court to order its specific performance. The Chancellor overruled the first two points, but sustained the demurrer on the latter grounds, leaving the complainant to his remedy at law against the covenantor, from which decree the appeal was taken.

*Nugent & McWillie*, for the appellant.

1. The case is one in which a court of chancery has concurrent jurisdiction. 1 Story Eq. Jur. §§ 508, 684, 686, 687. If the tenants were sued, they would justify their possession under the supposed paramount claim of the defendants, to

which they yielded, and the appellant could not proceed without making the latter parties. The defendants are bound to account and pay the rents collusively collected by them. It is manifest that, under the circumstances of this case, the appellant's remedy at law is not unembarrassed; equity is the only tribunal which can grant complete and speedy relief.

2. The covenant bound the assignees of Roach. Code 1857, pp. 306, 309, 485; *Pass* v. *McRea*, 36 Miss. 143; Washburn on Easements and Servitudes, 4, 6, 9; *Laumier* v. *Francis*, 23 Mo. 181; *Ritger* v. *Parker*, 8 Cush. 145; 4 Kent Com. 471; *Colby* v. *Osgood*, 29 Barb. 339; *Hopkins* v. *Lane*, 9 Yerger, 79; *Lawrence* v. *Senter*, 4 Sneed, 52; *Hurd* v. *Curtis*, 19 Pick. 459; 2 Wash. Real Prop. 263; *Kingdon* v. *Nottle*, 4 M. & S. 53; *Bally* v. *Wells*, 3 Wils. 25; *Morse* v. *Aldrich*, 19 Pick. 449; *Allen* v. *Culver*, 3 Denio, 284; *Woodruff* v. *Trenton Water Power Co.*, 2 Stock.-Ch. 489; *Masury* v. *Southworth*, 9 Ohio St. 340; *Shelton* v. *Codman*, 3 Cush. 318. There can be no doubt of the appellees' privity in estate, for they were the holders, derivatively; of Roach's title. 4 Kent Com. 109; 1 Greenl. Evid. §§ 23, 189, 190, 211, *Stacy* v. *Thrasher*, 6 How. (U. S.) 44; *Carver* v. *Jackson*, 4 Peters, 1; *Norman* v. *Wells*, 17 Wend. 136; *Vyvyan* v. *Arthur*, 1 B. & C. 410. The following authorities show the effect of the notice to them, alleged in the bill, in connection with this point: *Tulk* v. *Moxhay*, 2 Phil. 774; *Hills* v. *Miller*, 3 Paige, 254; *Barrow* v. *Richard*, 8 Paige, 351; *Brouwer* v. *Jones*, 23 Barb. 153; *Gibert* v. *Peteler*, 38 Barb. 488; *Scott* v. *Burton*, 2 Ashmead, 312; *Champion* v. *Brown*, 6 Johns. Ch. 398; Washburn on Easements and Servitudes, 508, 509; 1 Story Eq. Jur. §§ 741, 742, 750, 751, 784, 788.

3. The contract was certain, free from hardship, and in all respects such that equity should decree its specific performance. 1 Story Eq. Jur. §§ 742, 747, 751, 756; *Foss* v. *Haynes*, 31 Maine, 81; *Colson* v. *Thompson*, 2 Wheat. 336; *Cathcart* v. *Robinson*, 5 Peters, 264; *Seymour* v. *Delancy*, 3 Cowen, 445; Fry on Specific Performance, §§ 229, 251, 252; *Boucher* v. *Vanbuskirk*, 2 A. K. Marsh. 345; *Prater* v. *Miller*, 3 Hawks, 628; *Andrews* v. *Andrews*, 28 Ala. 432; *Bromley* v. *Jefferies*, 2 Vern. 415; *Butler* v. *Every*, 1 Ves. Jr. 136;

*Wiswall* v. *McGowan*, Hoff. Ch. 125 ; *Clinton* v. *Hooper*, 3 Bro. Ch. 201 ; *Mosely* v. *Virgin*, 3 Ves. Jr. 184. The appellant could and did exercise the right of election in fixing the place at which he could enjoy his easement. *McComb* v. *Gilkey*, 29 Miss. 146 ; *Williamson* v. *Johnston*, 4 Monroe, 253 ; *Owings* v. *Morgan*, 4 Bibb, 274 ; *Lee* v. *Durret*, 4 Bibb, 20 ; *Bramblet* v. *Picket*, 3 B. Mon. 181 ; *Armstrong* v. *Mudd*, 10 B. Mon. 144 ; Bacon's Abr. title Grants.

*Frank Johnston*, for the appellees.

1. Specific performance is a matter, not of right, but of sound discretion, and will not be enforced where there would be undue advantage, or where it would be unconscientious, 1 Story Eq. Jur. §§ 750, 751, 769 ; nor where the character and condition of the property has been so altered that the terms and restrictions of the contract are no longer applicable. 1 Story Eq. Jur. § 750 ; *Hester* v. *Hooker*, 7 S. & M. 768 ; *Daniel* v. *Frazer*, 40 Miss. 507. The inequality need not amount to fraud. *Clarke* v. *Rochester Railroad Co.*, 18 Barb. 350 ; *London* v. *Nash*, 3 Atk. 512; s. c. 1 Ves. Sr. 12 ; *Dean of Ely* v. *Stewart*, 2 Atk. 44 ; *Talbot* v. *Ford*, 13 Sim. 173. This contract lacks the fairness essential in order that the court may exercise its jurisdiction. Fry on Specific Performance, §§ 233, 244; *Modisett* v. *Johnson*, 2 Blackf. 431 ; *Seymour* v. *Delancy*, 3 Cowen, 445 ; *Cabeen* v. *Gordon*, 1 Hill Ch. 51 ; *Clement* v. *Reid*, 9 S. & M. 535. Roach would be bound to retain title to the whole tract for ever, in order to be able to convey landings as the bank caved, or else to sell lots so burdened by the covenant that their value would be destroyed.

2. Uncertainty is another reason why the contract should not be enforced. The new landing is to be located where the public interest may demand. The grant does not afford the means of fixing the location. Specific performance of contracts to furnish a drawing-room in modern style, *Taylor* v. *Portington*, 7 De G. M. & G. 328; to construct culverts, *Webb* v. *London & Portsmouth Railway Co.*, 9 Hare, 129 ; *Stuart* v. *London & North Western Railway Co.*, 15 Beav. 513 ; and to do work to be fixed by an engineer's specifications, *South Wales Railway Co.* v. *Wythes*, 5 De G. M. & G.

880, is refused in equity. So of contracts to exchange city lots, *Ferris* v. *Irving*, 28 Cal. 645 ; to sell part of a piece of land for a paint-shop, *Camden & Amboy Railroad Co.* v. *Stewart*, 18 N. J. Eq. 489 ; to convey all the land the grantor owns at the expiration of five years, *Shelton* v. *Church*, 10 Mo. 774 ; and to convey property whenever the vendee secures the price. *Foot* v. *Webb*, 59 Barb. 38. The general rule is, that the contract, to be specifically enforced in equity, must be clear, definite, and unequivocal in its terms, *Patrick* v. *Horton*, 3 W. Va. 23, as well as fair, *Preston* v. *Preston*, 95 U. S. 200. It will not be enforced if ambiguous or unjust, *Snell* v. *Mitchell*, 65 Maine, 48 ; or where it is difficult to decide upon its meaning. *Buckmaster* v. *Thompson*, 36 N. Y. 558.

3. The covenant in this deed does not run with the land, nor is it binding on the defendants. There is no privity of contract or estate between them and Carson. Roach's covenant is personal, obligatory on him alone. The statutes cited by opposing counsel have no application to this case. They relate to livery of seisin, conveyance of land in the adverse possession of another, estates *in futuro*, and suits by assignees, but were not intended to prescribe a rule on the subject of covenants or the degree of certainty in matters of description.

CAMPBELL, J., delivered the opinion of the court.

The bill presents a case cognizable in a Chancery Court, and sets forth a covenant obligatory on Roach and all who claim any part of the Batchelor's Bend plantation under him, with notice of the covenant; and we do not discover any want of definiteness or fairness or consideration or any hardship in the contract at the time it was made, which should determine the court not to order its specific performance. It cannot be that they who acquired a portion of the Batchelor's Bend plantation, after the covenant with the complainant, and with notice of his covenanted right to the perpetual enjoyment of the exclusive control of a landing on the river front of the plantation, shall be permitted to enjoy the fruit of what was secured to the complainant. The case made by the bill entitles the complainant to relief ; and, without anticipating

the particular manner in which it may be granted, we reverse the decree, overrule the demurrer, and remand the cause, with leave to the defendants to answer the bill within thirty days after the mandate herein shall have been filed in the court below.

*Decree accordingly.*